BRUNOT, J.
 

 Relator owned a certain lot or portion of ground situated in the Sixth district of the city of New Orleans, in square No. 121, bounded by Tchoupitoulas, Lyons, Annunciation, and Upperline streets, being half of original lot No. 1, and measuring 30 feet 4 inches front on Tchoupitoulas street, with a depth of 100' feet running along Lyons street, by a width of 30 feet 4 inches in the rear, and a depth of 100 feet on the line towards Upperline street;- said lot forming the corner of Lyons and Tchoupitoulas streets'.
 
 *775
 
 For thesp'urpose of remodeling the buildings on this property, relator contracted with the Savings Homestead Association, now the ' Standard Homestead Association, for a loan of $4,300. He secured plans and specifications for the buildings and improvements to be erected on said lot from A. F. Peterson, of the Peterson Construction Company, and submitted these plans and specifications to respondent. In order to carry out the details of the agreement plaintiff transferred his said lot of ground to the Homestead Association and that association entered into a contract with the Peterson Company for the erection of said buildings according to the plans and specifications approved and accepted by relator. After the completion of the buildings, relator was formally requested to accept title to the property and to complete the act of sale according to the terms of the loan agreement. This request relator refused to comply with, and thereupon respondent, after due notice to relator, advertised the property for sale at public auction. Relator sought to enjoin this sale. The lower court issued a restraining order, but on motion, and after a hearing thereon, it dissolved that order.
 

 Because of the dissolution of the restraining order, relator applied to this court for writs of certiorari, prohibition, and mandamus. A rule to show cause issued, and in response thereto we now have the record and the return of the district judge and respondent before us.
 

 Relator applied to respondent Homestead Association for a loan. In his application therefor we find the following clause:
 

 “If loan is made to me under building contract, I agree to accept the title to said property within 10 days after being notified that it is ready for signature; upon my failure to accept the property and execute the necessary papers thereto, the association shall have the right and I hereby authorize it, without further notice to me, to sell said property in such manner and upon such terms and for such price as it may deem proper, and to deduct from the proceeds of sale and reserve for itself all such amounts with interest, costs, charges and expenses as may be due by me to said association, paying over to me only such surplus, if any, as may remain after such deductions.”
 

 The record discloses that respondent Homestead Association, pursuant to the contract and agreement with relator, entered into a building contract with A. F. Peterson, representing the Peterson Construction Company, to construct, according to the plans and specifications approved and accepted by relator, the buildings and improvements covered by such plans and specifications; that, after the said buildings were completed, relator was requested to accept title to the property and to complete the act of sale from respondent Homestead Association to relator, conform-ably to the terms of relator’s application for the loan of $4,300. Relator refused to comply with this request, and respondent, acting in conformity with relator’s contract and agreement, and after notifying x-elator and giving him full opportunity to take title to the property, advertised the property for sale at public auction.
 

 In advertising the property for sale under the circumstances disclosed by this record, respondent Homestead Association had no other alternative, and it acted in strict accord with the letter and spirit bf relator’s contract with it. We are therefore of the opinion that the lower court correctly dissolved the restraining order.
 

 For these reasons our order to show cause is recalled and set aside, and relator’s application is dismissed, at his cost.
 

 ROGERS, J., takes no part.